UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID NITISHIN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: |
| § | |
| § | JURY TRIAL DEMANDED |
| BIGELOW ARIZONA TX-372, L.P. d/b/a § | |
| BUDGET SUITES OF AMERICA, TX-372; § | |
| and YOUR BEST MANAGEMENT § | |
| GROUP, LLC, § | |
| § | |
| § | |
| *Defendants*. § | |

# COMPLAINT

Plaintiff DAVID NITISHIN ("Plaintiff"), by and through his attorneys, The COCHRAN FIRM-DALLAS and VALLI KANE AND VAGNINI LLP, brings this action for damages and other legal and equitable relief from Defendants BIGELOW ARIZONA TX-372, L.P. d/b/a BUDGET SUITES OF AMERICA, TX-372 ("BSA") and YOUR BEST MANAGEMENT GROUP, LLC ("BM") (collectively, "Defendants") for violations of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendants for acts of disability discrimination in violation of the ADA.

2. Plaintiff is a former Assistant General Manager for Defendants' extended stay apartment complex located at 2770 N. Highway 360, Grand Prairie, Texas 75050. During his employment for Defendants, Plaintiff was diagnosed with a potentially fatal degenerative spine

condition. Plaintiff then informed Defendants of his disability and requested a short term leave accommodation. The following day, Defendants discriminatorily terminated him in violation of the ADA.

3. Following his unlawful termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC ultimately found reasonable cause to believe that Plaintiff was denied a reasonable disability accommodation and/or terminated on the basis of his disability.

4. As a result of Defendants' unlawful conduct, Plaintiff seeks the following: (i) back pay; (ii) lost benefits; (iii) emotional damages; (iv) punitive damages; (v) attorneys' fees and costs; (vi) interest; (vii) injunctive relief; and (vii) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief: (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) and 42 U.S.C. §§ 12101 *et seq.*, as amended.

6. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

7. Plaintiff is a person who has been aggrieved by Defendants' actions. He is and has been, at all relevant times, a disabled citizen of the United States of America and is currently a resident of Kentucky.

8. At all relevant times, Plaintiff was a resident of Dallas, Texas.

9. At all relevant times, Plaintiff was Defendants' "employee" covered by the ADA.

10. Defendant BSA is a limited partnership organized under the laws of the state of Nevada and has its principal place of business in Las Vegas, Nevada.

11. Defendant BSA transacted and continues to transact business in Texas and within this judicial district by owning and operating an extended stay apartment complex located at 2770 N. Highway 360, Grand Prairie, Texas 75050 (the "Facility") and by employing persons to work there.

12. Defendant BSA employs over fifteen (15) employees.

13. Defendant BSA has at all relevant times been an "employer" covered by the ADA.

14. Defendant BM is a limited liability company organized under the laws of the state of Nevada and has its principal place of business in Las Vegas, Nevada.

15. Upon information and belief, Defendant BM transacted and continues to transact business in Texas and within this judicial district by owning and operating the Facility and by employing persons to work there.

16. Upon information and belief, Defendant BM employs over fifteen (15) employees.

17. Defendant BM has at all relevant times been an "employer" covered by the ADA.

18. Upon information and belief, BM owns and operates the website: www.budgetsuites.com (the "Website").

19. Defendant BM advertises on the Website that it maintains the Facility and several other locations within the state of Texas.

20. Defendant BM advertises available employment positions at Defendant BSA on the Website.

21. Prospective employees of Defendant BSA can apply for positions, including Assistant Manager, on the Website.

22. Upon information and belief, persons may submit applications to work at the Facility via the Website.

23. Upon information and belief, Tim Sharp, Defendant BM's former Vice President, hired Plaintiff.

24. Both Defendant BSA and BM terminated Plaintiff.

25. Upon information and belief, Defendant BSA and Defendant BM use the same Corporate Counsel.

26. Upon information and belief, Defendant BM managed the properties and employees of Defendant BSA.

27. Defendants are a single integrated enterprise and/or jointly employed Plaintiff by employing or acting in the interest of employer towards Plaintiff directly or indirectly, jointly or severally, including without limitation, by controlling and directing the terms of employment and compensation and by suffering him to work.

### **EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

28. Plaintiff has timely filed a Charge of Discrimination with the EEOC concerning the cause of actions alleged herein.

29. On December 11, 2019, Plaintiff was issued a Determination Letter from the EEOC whereby the EEOC found reasonable cause to believe that Defendants discriminated against him in violation of the ADA by refusing to accommodate him and by terminating him on the basis of his disability.

30. Defendants refused to conciliate with Plaintiff regarding his Charge.

31. Plaintiff has received his Notice of Right to Sue letter from the EEOC within ninety (90) days prior to the filing of this Complaint.

## STATEMENT OF FACTS

32. In or around March 15, 2017, Defendants hired Plaintiff as an Assistant General Manager of the Facility.

33. In or around June 2017, Plaintiff was diagnosed with a degenerative spine condition that substantially limited his ability to, among other things, walk, bend, and lift. Accordingly, Plaintiff's disability impaired his ability to perform major life activities.

34. Plaintiff's degenerative spine condition is a disability within the meaning of the ADA.

35. Plaintiff's disability caused him to walk with a significant limp that Alan Ross ("Mr. Ross"), the Facility's General Manager, had knowledge of.

36. Despite this disability, Plaintiff was able to perform his essential job duties of supervising employees, managing the property, making sure payments were timely, and inspecting apartments.

37. On June 18, 2017, Plaintiff sought medical treatment for his disability. His physician recommended admission to the hospital, but Plaintiff refused admission because he was scheduled to work for Defendants on June 20, 2017, and feared termination.

38. On or around June 20, 2017, Plaintiff again sought medical treatment at the hospital and was informed by his physician that he required emergency surgery. He was also told that not having the surgery could be fatal. In response, Plaintiff stated to his physician that he could not have the surgery until he informed Defendants of such.

39. On June 22, 2017, Plaintiff informed Mr. Ross of his disability and requested a reasonable accommodation of five (5) to six (6) weeks leave for the surgery and subsequent recovery. In response, Mr. Ross sent Plaintiff home and requested that he return to work the following day to discuss the matter further.

40. On June 23, 2017, Plaintiff was summoned to a meeting with Mr. Ross and Darlene Culpepper ("Ms. Culpepper"), the Regional Property Manager for BM. Plaintiff was then told by Ms. Culpepper that he was terminated because he could not perform his job.

41. Also during the termination meeting, Ms. Culpepper stated that Defendants "don't have a position for [Plaintiff]" and that Defendants "don't offer light duty."

42. Plaintiff was not terminated for misconduct and he did not have any write-ups or disciplinary actions throughout his employment for Defendants.

43. At no point following Plaintiff's request for a reasonable accommodation did Defendants offer alternative accommodations and/or attempt to accommodate Plaintiff. Therefore, Defendants failed to engage in the interactive process.

44. Defendants could have accommodated Plaintiff, but willfully chose not to. For example, when a facility is "short" an Assistant Manager for a period of time, Defendants transfer Assistant Managers from other facilities to "fill-in" for the absent Assistant Manager.

45. As for another example, the General Manager of a facility assumes the role of Assistant Manager when that facility is "short" and Assistant Manager.

46. Defendants had knowledge of Plaintiff's disability.

47. The leave accommodation was reasonable.

48. The leave accommodation that Plaintiff requested was not indefinite.

49. The leave accommodation that Plaintiff requested was short-term.

50. Prior to the surgery, Plaintiff was able to perform the essential functions of his job such as supervising employees, managing the property, making sure payments were timely, and inspecting apartments.

51. Plaintiff would have resumed the performance of all his normal job functions following his return from leave.

52. Granting Plaintiff's accommodation request would not have caused an undue burden upon Defendants.

53. Defendants discriminated against Plaintiff by both refusing to engage in the interactive process and by denying him a reasonable accommodation in violation of the ADA.

54. Defendants discriminated against Plaintiff by terminating him on the basis of his disability in violation of the ADA.

55. Defendants' leave and accommodation policy is discriminatory on its face.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*
(Failure to Accommodate)**

56. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

57. Plaintiff has a disability as defined by the ADA and, as such, is a member of a protected class.

58. Plaintiff informed Defendants of his disability.

59. Defendants had knowledge of Plaintiffs' disability.

60. Plaintiff requested a reasonable accommodation pursuant to the ADA.

61. Defendants denied Plaintiff's request for a reasonable accommodation.

62. Defendants refused to engage in the interactive process as required by the ADA.

63. Defendants discriminated against Plaintiff by refusing to accommodate him in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*.

64. Defendants' conduct was a willful violation of the ADA.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*.**
**(Unlawful Termination)**

65. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

66. Plaintiff has a disability as defined by the ADA and, as such, is a member of a protected class.

67. Plaintiff informed Defendants of his disability.

68. Defendants had knowledge of Plaintiffs' disability.

69. Defendants terminated Plaintiff upon learning of his disability.

70. Defendants terminated Plaintiff because of his disability in violation Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*.

71. Defendants' conduct was a willful violation of the ADA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. That the practices of Defendants complained of herein be determined and adjudged to be in violation of the rights of the Plaintiff under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, prohibiting discrimination in employment;

B. That judgment be entered in favor of Plaintiff against Defendants for back pay (including interest or an appropriate inflation factor), front pay, lost benefits, and all other amounts owed to Plaintiff;

C. That Plaintiff be awarded compensatory damages where available;

D. That Plaintiff be awarded punitive damages;

E. That Plaintiff be awarded pre and post judgment interest;

F. That the Court award Plaintiff attorneys' fees and costs associated with this matter, including, but not limited to expert fees' and costs;

G. That the Court retain jurisdiction over Defendants until such time as it is satisfied that it has remedied the practices complained of and are determined to be in full compliance with the law;

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendants' employees;

I. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

J. Active monitoring of the work areas to ensure compliance with discrimination policies; and

K. Defendants' leave policy be stricken as facially discriminatory; and

**ORIGNIAL COMPLAINT**

L. Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief; and

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:  March 23, 2020
       Dallas, Texas


Respectfully submitted,

*/s/ Larry Taylor*
Larry Taylor
SBOT:24071156
Email: Ltaylor@CochranTexas.com
Nicole Taylor
SBOT: 24015130
Email:  Nicole.Taylor@CochranTexas.com

**THE COCHRAN FIRM**

3400 Carlisle Street Suite 550
Dallas, Texas 75204
Telephone: (214) 651-4260
Facsimile:  (214) 651-4261

-and-

Of Counsel

James A. Vagnini (*pro hac vice* admission pending)
Email:  jvagnini@vkvlawyers.com
Alexander M. White (*pro hac vice* admission pending)
Email: awhite@vkvlawyers.com

**VALLI KANE & VAGNINI LLP**

600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile:  (516) 706-0248

**ATTORNEYS FOR PLAINTIFF**